[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 9, 2005
THOMAS K. KAHN
CLERK

No. 05-12181
Non-Argument Calendar

_____

D. C. Docket No. 04-00475-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON SINISTERRA ASTUDILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December  9, 2005)

Before TJOFLAT,  BLACK  and  BARKETT,  Circuit Judges.

PER CURIAM:

Appellant, was, as the head engineer, one of eight crew members aboard a

fishing vessel the U. S. Navy intercepted outside the Columbian, S.A., fishing zone. The vessel was carrying 245 bales of cocaine, weighing approximately 5,512 kilograms. Appellant and his fellow crew members were brought to Tampa, Florida and indicted. Count One of the indictment charged them with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii); Count Two charged them with possession of such quantity of cocaine with intent to distribute, in violation of 46 App. U.S.C. § 1903(a) and 21 U.S.C. § 960(b)(1)(B)(ii). Appellant pled guilty to both counts, and the district court sentenced him under the Federal Sentencing Guidelines to concurrent prison terms of 135 months.[1] He now appeals his sentences, asking that we remand his case for resentencing on two grounds.

The first ground is that the district court erred in determining the offense level under the Guidelines; that is, the court should have reduced that level by two levels under U.S.S.G. § 3B1.2 because he played only a minor role in the criminal activity. He says that (1) his role was that of the mechanic, (2) he had no ownership interest in the drugs, (3) he was paid little in comparison to the value of the drugs, (4) the amount and value of the drugs were substantial, (6) individuals in

_____

[1] The sentence range prescribed by the Sentencing Guidelines for appellant's offenses and his criminal history category of I called for a prison term of 135 to 168 months.

2

addition to the crew participated in the smuggling of the drugs, and (7) he was merely a pawn in transporting the drugs.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."[2] United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a four-level decrease to a defendant's offense level if the defendant was a minimal participant in any criminal activity and a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2.

A defendant who is a minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group. U.S.S.G. § 3B1.2, comment. (n.4). A defendant is a minor participant if he is less culpable than most other participants, but whose role cannot be described as minimal. U.S.S.G. §3B1.2, comment. (n. 3). In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing ... [and] may also

---

[2] In United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court excised 18 U.S.C. § 3742(e), which established standards of review on appeal. However, we have held that pre-Booker standards for reviewing application of the Sentencing Guidelines still apply, i.e., we review findings of fact for clear error and questions of law de novo. United States v. Crawford, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

measure the defendant's role against the other participants ... in the relevant conduct." De Varon, 175 F.3d at 945. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

The record in this case supports the district court's finding that the relevant conduct attributable to appellant was not minor or minimal. With respect to the first prong of the DeVaron analysis, the court held appellant accountable only for the possession of the 5,512 kilograms of cocaine. Therefore, his actual and relevant conduct were one and the same. Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important and essential role in that crime. See DeVaron, 175 F.3d at 942-43.

With respect to the second prong of the DeVaron analysis, there is insufficient evidence to show that appellant was a minor or minimal participant in comparison to others. In determining whether a defendant was less culpable than others, "the district court should look to other participants only to the extent that they are identifiable or discernible from the evidence." Id. at 944. Here, the only persons identifiable from the evidence are appellant and the seven other crew members of the vessel. He argues that there were other individuals involved, but

4

has proffered no evidence supporting this claim. We have made clear that, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a [mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. Additionally, appellant has provided no evidence that he was less culpable than the other seven crew members. He claims only that he was a mechanic. However, he has provided no evidence showing that his responsibilities aboard the vessel were less vital to the enterprise than those of the other crew members, particularly the four who were identified as only "crew members."

Appellant's second ground is that his sentence is unreasonable in that the district court did not adequately consider the sentencing factors set out in 18 U.S.C. § 3553(a). He presented § 3553(a) factors to the court for its consideration, and concedes that it considered them. He submits, however, that the court failed to articulate which specific factors it had considered in imposing sentence.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a defendant's sentence for reasonableness.[3] See United States v. Winingear, 422 F.3d 1241, 1245 (11th

___

[3] We note that the government's argument, that Astudillo's claim that the district court failed to properly consider the § 3553(a) factors should be reviewed only for plain error, is

5

Cir. 2005). The factors set forth in § 3553(a) guide this review. Id. at 1246.

Those factors include: (1) the nature and circumstances of the offense; (2) the

history and characteristics of the defendant; (3) the need for the sentence imposed

to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment; (4) the need to protect the public; and (5) the guideline

range. See 18 U.S.C. § 3553(a).

The record reflects that the district court properly considered the § 3553(a)

sentencing factors, including the guidelines, in imposing sentence. As noted

above, appellant advised the court that, in imposing sentence, it should consider the

§ 3553(a) sentencing factors. He then requested sentences totaling 60 months'

imprisonment, arguing that specific § 3553(a) factors warranted such a sentence.

The court, in imposing sentence at the low end of the guidelines range, then stated

that it had reviewed the presentence report, the advisory guidelines, and the §

3553(a) sentencing factors. That is sufficient. See United States v. Scott, No.

05-11843, manuscript op. at 12 (11th Cir. Sep. 27, 2005) (holding that district

court's statement that it had considered § 3553(a) factors alone is sufficient in

post-Booker sentences).

---

without merit. At sentencing, Astudillo advised the district court to consider the § 3553(a)
sentencing factors and requested a sentence below the guidelines range. Thus, Astudillo
properly preserved his claim that the district court did not properly consider the § 3553(a)
factors. He nevertheless does not prevail under any standard of review.

6

Additionally, the concurrent sentences of 135 months' imprisonment are not unreasonable. These sentences were at the low end of the guidelines range, a range that took into account appellant's offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. See id., No. 05-11843, manuscript op. at 14. The record reveals nothing to indicate that such sentences were unreasonable in light of the § 3553(a) factors. Because the sentences can be affirmed as reasonable on this basis, we need not address the Government's argument that an in-range sentence is presumptively reasonable. See Winingear, 422 F.3d at 1246 (noting that this Court need not address the government's argument that sentences within the guideline range are per se reasonable where, in light of the factors outlined in § 3553(a), the sentence was reasonable).

Appellant's sentences are

AFFIRMED.